UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **DIONDRE HARVEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| **HOTEL EQUITIES GROUP, LLC** | ) |
| **d/b/ HOLIDAY INN EXPRESS,** | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Diondre Harvey ("Harvey"), by counsel, against Defendant, Hotel Equities Group, LLC d/b/a Holiday Inn Express ("Defendant") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C §2000e *et. seq*.

**II. PARTIES**

2. Harvey is a resident of Marion County, Indiana, which is located within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer," as that term is defined by 42 U.S.C. §2000e(b).

6. Harvey was an "employee," as that term is defined by 42 U.S.C. §2000e(f).

7. Harvey satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination (Charge No.470-2025-00412) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on his race, sexual orientation and retaliation. Harvey received his Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV.  FACTUAL ALLEGATIONS

9. Harvey, who is a Black gay man, was hired by Defendant in or about July 2024 as an Assistant General Manager under the direct supervision of Defendant's General Manager, Amber Riggs ("Riggs"), a White female.

10. At all relevant times, Harvey met or exceeded Defendant's legitimate performance expectations.

11. On or about October 12, 2024, Harvey called a Black female Housekeeper and Tiara Bond, a Black female Supervisor, into the office to address the Housekeeper's behavior.

12. During the discussion, the Housekeeper became aggressive and used her fingers to forcefully push Harvey's forehead back. In an act of self-defense, Harvey smacked the employee's hand away.

13. The Housekeeper, who had a history of threatening violence against employees and management, was removed from the building but was allowed to linger in the parking lot

near Harvey's car. The employee was not immediately suspended or terminated following the incident.

14. Harvey informed Riggs of the incident to apprise her of the situation.

15. Prior to this incident, Harvey had reported Riggs to Defendant's Regional Manager for discriminatory practices. The day after the incident, Harvey again reported Riggs to the Defendant's Human Resources department, citing discriminatory practices, including disproportionately harsh disciplinary actions against Black and other non-White employees compared to White employees for similar infractions.

16. Harvey observed Riggs making racially offensive remarks and attempting to pass them off as jokes when it was clear to her that Harvey was uncomfortable with her remarks. For example, Riggs asked Harvey if he was related to another Black employee solely because of their shared race and referred to Black employees as "ghetto" and other derogatory terms.

17. Harvey did not actively showcase his sexual orientation but did not conceal it either. Harvey reasonably believes Riggs was aware of his sexual orientation. On one occasion, Riggs made a comment jokingly stating that she could identify as a gay man for a day after having seen Harvey's TikTok videos, adding that she thought he was "cute for a Black guy."

18. On October 21, 2024, Harvey was discharged by Defendant. The stated reason for the termination was Harvey's alleged improper behavior or safety concerns during the incident involving the aggressive Housekeeper. Harvey was not the aggressor during the incident but acted in self-defense.

19. Riggs was also discharged by Defendant, purportedly for reasons related to the incident with the Housekeeper, rather than as a result of Harvey's reports regarding her discriminatory behavior.

20. Similarly situated employees have not been terminated in similar circumstances.

## V.  CAUSES OF ACTION

### COUNT I: TITLE VII – RACE DISCRIMINATION

21. Harvey hereby incorporates paragraphs one (1) through twenty (20) of his Complaint as if the same were set forth at length herein.

22. Defendant discriminated against Harvey based on his race.

23. Defendant's actions were intentional, willful, and taken in reckless disregard of Harvey's rights as protected by Title VII.

24. Harvey has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII – SEXUAL ORIENTATION DISCRIMINATION

25. Harvey hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint as if the same were set forth at length herein.

26. Defendant discriminated against Harvey based on his sexual orientation.

27. Defendant's actions were intentional, willful, and taken in reckless disregard of Harvey's rights as protected by Title VII.

28. Harvey has suffered damages as a result of Defendant's unlawful actions.

### COUNT III: TITLE VII – RETALIATION

29. Harvey hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint as if the same were set forth at length herein.

30. Harvey engaged in a protected activity when he complained of disparate treatment and less favorable terms and conditions of employment between himself and others outside of his protected class.

31. Defendant retaliated against Harvey for engaging in protected activity by terminating his employment.

32. Defendant's actions were intentional, willful, and taken in reckless disregard of Harvey's rights as protected by Title VII.

33. Harvey has suffered damages as a result of Defendant's unlawful actions.

## VI. **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Diondre Harvey, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their race and sexual orientation and/or retaliates against any employee after engaging in a protected activity;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for violations of Title VII;

6. Award Plaintiff punitive damages for Defendants' violations of Title VII;

7. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

8. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

9. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Office: (317) 991-4765
Facsimile: (812) 424-1005
E-Mail: ad@bdlegal.com

*Attorney for Plaintiff, Diondre Harvey*

## DEMAND FOR JURY TRIAL

Plaintiff, Diondre Harvey, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Office: (317) 991-4765
Facsimile: (812) 424-1005
E-Mail: ad@bdlegal.com

*Attorney for Plaintiff, Diondre Harvey*